UNITED STATES of America

v.

Richard Lee BAST and Redex
Corporation.

Crim. No. 1096–72.

United States District Court,
District of Columbia,
Criminal Division.

Sept. 22, 1972.

Guy Cunningham, Asst. U. S. Atty.,
Washington, D. C., for plaintiff.

Philip J. Hirschkop, Bernard Fensterwald, Jr., Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

JOHN LEWIS SMITH, Jr., District Judge.

Defendant Bast, acting on behalf of Defendant Redex Corporation, a supplier of electronic surveillance equipment, has been charged in a six-count indictment with violations of 18 U.S.C. § 2512(1)(a), (b), (c) relating to electronic surveillance equipment. At issue in this motion are violations of Section 2512(1)(c)(ii) which prohibits the advertising of listening devices in such a way as to promote their use for "surreptitious interception of wire or oral communications." Defendant now moves to quash a search warrant and suppress evidence seized thereunder on the grounds that the warrant was illegally issued and executed. After a hearing on the motion, the Court enters its findings of fact and conclusions of law as follows:

Defendant's first claim, that the affidavit fails to establish probable cause, is dispositive of this case making it unnecessary for the Court to address defendant's remaining arguments.[1]

The Court focuses on the first three paragraphs of the affidavit which defendant and the government agree must have been sufficient for a magistrate to find probable cause or this document cannot stand. The remaining paragraphs set forth information given too remote in time (in some instances 6 to 24 months) from the issuance of the warrant to support probable cause standing alone, although the government contends these paragraphs bolster the first three. Paragraphs one, two and three relate to communications between one Fitzgerald and the defendant concerning electronic surveillance equipment, specifically, a letter, a brochure, and a telephone conversation. The government contends the brochure and telephone conversation taken together establish a violation of the statute.

It is conceded by all parties that the letter from Fitzgerald mentioned in paragraph one merely requests information on defendant's electronic surveillance equipment and has no probative value whatsoever. The significance of the telephone conversation is Bast's alleged refusal to discuss the legality of his equipment for fear his phone was tapped. The Court disagrees with the government's position that this mere fact supports a reasonable inference that Bast knew his activity to be unlawful as required by the statute.[2] The government contention that the brochure read as a whole promotes "surreptitious interception" is based on the use of phrases such as "secret", "miniature," "used extensively by law enforcement agencies," "first time available to the public." Defendant argues that these descriptions are found in any ad for electronic surveillance equipment whose lawful use is recognized. He argues that the mere description is no indication that materials on Bast's premises are used to violate the law as required to show probable cause. See United States v. Ramirez, 2 Cir., 279 F. 2d 712. Further, the use of even the most clandestine recorder is lawful if it falls within Section 2511(2)(d), which provides in part

> It shall not be unlawful . . . for a person . . . to intercept a wire or oral communication where such

---

1. Additional arguments were that the warrant was illegally executed as a general warrant; that the reliability of informants was never corroborated; and that information was gained from unlawful wiretaps. Defendant proffered evidence in support of his final argument

that the affidavit contained material misrepresentations of fact. The Court finds no wilful misrepresentations of fact anywhere in the affidavit.

2. 18 U.S.C. § 2512(1) punishes only persons who wilfully advertise in violation of the statute.

person is a party to the communication or where one of the parties to the communication has given prior consent to such interceptions . . .[3]

This construction of Section 2511 as an exception to the prohibition in Section 2512 was also recognized by Judge Gesell of this court in United States v. Carroll et al., D.C.D.C., 1971, 337 F. Supp. 1260. Thus, what distinguishes a lawful from an unlawful interception is the word "surreptitious." In *Carroll* the court set down an objective test for measuring surreptitious, i. e., whether the parties have an expectation of privacy which the recorder contrives to overhear by, for example, using a device to amplify sound above normal tones. The objective test fully accounts for the statutory exemption since consent to wiretap eliminates the expectation of privacy. The recorder in this case is advertised as one designed to be used primarily by a party to the taped conversation and therefore falls outside the designation "surreptitious."[4] Obviously, one recording the normal tones of his own conversation is neither contriving to hear nor violating the speakers' expectations of privacy. The Court finds that the brochure promotes a lawful use of the defendant's electronic listening device. In view of the fact that probable cause is not established in the first three paragraphs, the affidavit cannot stand.

Accordingly, it is by the Court this 22nd day of September 1972

Ordered that defendant's motion to quash the search warrant and suppress evidence be and it is hereby granted.

---

3. The Congressional intent in enacting this section was to reflect existing law which recognized consensual interception. Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963); Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957); On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270. S.Rept. No. 1097, 90th Cong., 2nd Sess. S.917, U.S.Code Cong. & Admin.News 1968, p. 2112. See also 18 U.S.C. § 2511 generally for other exceptions.

4. The wording of the brochure promotes a use only by a party to the communication. The phrases include "worn in your shirt pocket," "for people who can't depend on memory alone," "you are free to concentrate on the proceedings while everything spoken is taped."