**Robert Alan KEMP, Plaintiff,**

v.

**William BLOCK, Defendant.**

**No. CV–R–82–399–ECR.**

United States District Court,
D. Nevada.

April 29, 1985.

Lawrence J. Semenza, Reno, Nev., for plaintiff.

Lamond R. Mills, U.S. Atty. by Shirley Smith, Asst., Reno, Nev., for defendant.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

The defendant has moved for summary judgment. The respective parties have submitted affidavits, papers, depositions and memoranda of points and authorities. No hearing has been requested.

On February 25, 1982, the plaintiff and the defendant both were electronic integrated systems mechanics, that is, civilian technicians, with the Nevada Air National Guard. As such they were federal employees for the purposes of this litigation. *See* 32 U.S.C. § 709. A loud argument took place between the plaintiff and Mr. Darold Roy, who was his foreman. It occurred in the instrument shop where they both worked. The shop itself was approximately 29 ft. square. It contained clothes lockers for the employees, test benches, desks, equipment lockers, a filing cabinet, a coat rack, stools and chairs. The tallest equipment in the shop were the lockers which, at 6 ft. 6 ins., were about 2½ ft. short of the ceiling. The only partition in the shop was 5 ft. 6 ins. in height. Thus, the shop consisted of one room, without any floor-to-ceiling walls, partitions or equipment.

The argument started around 9 A.M. Present in the shop at the time were Mr. Roy, the plaintiff, the defendant, and two other mechanics. The two other mechanics were in and out of the shop during course of the argument, whereas the defendant remained there throughout. Oral disputes between the plaintiff and his foreman, Mr. Roy, had recurred over a period of four months.

The February 25th argument had been going on for a couple of minutes when the defendant, Mr. Block, turned on a cassette recorder that belonged to Mr. Roy. The recorder did not have any sound enhancement capabilities. The defendant placed the recorder on top of a locker, where it recorded the argument. Immediately afterwards, the defendant showed the recorder to the plaintiff and Mr. Roy and disclosed that he had recorded most of the argument. He declared that he had made the recording in order to prove to the plaintiff that he actually did argue. It seems that the plaintiff had persistently denied that his conversations with Mr. Roy amounted to arguments. Mr. Roy took the recorder from the defendant. The tape later was played before employees of the Air National Guard and, at the plaintiff's insistence, during two personnel proceedings. Those proceedings were decided adversely to the plaintiff, and he was terminated from his employment.

The First Claim for Relief in the Amended Complaint is based on invasion of privacy. The Second Claim alleges that the

clandestine recording constituted a violation of 18 U.S.C. § 2511. That statute makes it a criminal offense willfully to use any electronic, mechanical or other device to intercept an oral communication. 18 U.S.C. § 2510(2) defines "oral communication" as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation." 18 U.S.C. § 2520 authorizes recovery of civil damages by the person whose oral communication has been intercepted.

*Invasion of Privacy*

■ The aspect of privacy here involved is the plaintiff's interest in avoiding disclosure of personal matters, that is, his ability to determine for himself when, how and to what extent information about him is communicated to others. *See Crain v. Krehbiel,* 443 F.Supp. 202, 207 (N.D.Cal.1977); *Thorne v. City of El Segundo,* 726 F.2d 459, 468 (9th Cir.1983). The determination of whether he had a legitimate expectation of privacy involves two lines of inquiry: First, by his conduct, the plaintiff must have exhibited an actual (subjective) expectation of privacy, i.e., he must have shown that he sought to preserve his conversation with Mr. Roy as private. Second, it must be decided whether the plaintiff's expectation, viewed objectively, was justifiable under the circumstances. Put another way, his expectation of privacy must have been one that society is prepared to recognize as reasonable. *See United States v. Nadler,* 698 F.2d 995, 999 (9th Cir.1983); *United States v. Fisch,* 474 F.2d 1071, 1076–1077 (9th Cir.1973); *Ponce v. Craven,* 409 F.2d 621, 625 (9th Cir.1969).

■ The subjective expectation of privacy may be tested by any outward manifestations by the plaintiff that he expected his discussion with Mr. Roy in the instrument shop to be free from eavesdroppers. A comparison of what precautions he took to safeguard his privacy interest with the precautions he might reasonably have taken, is appropriate. *See Dow Chemical Co. v. United States,* 749 F.2d 307, 312–313 (6th

Cir.1984). Nothing was done by the plaintiff in this regard. It seems quite clear that both he and Mr. Roy argued in loud voices. The defendant and the other co-workers who overheard the argument were in a place they had a right to be, namely the instrument shop. Thus, the plaintiff may be deemed to have knowingly exposed the discussion to them. *See Ponce v. Craven, supra* at 625; *United States v. Fisch, supra* at 1077; *United States v. Mankani,* 738 F.2d 538, 543 (2nd Cir.1984); *United States v. Llanes,* 398 F.2d 880, 884 (2nd Cir.1968). The relatively small size of the instrument shop and its lack of interior walls further indicate that an expectation of privacy within it would not be objectively reasonable. *See Dow Chemical Co. v. United States, supra* at 313. Nor did the plaintiff have a right to exclude other persons from entering the shop while the argument ensued. *See United States v. Nadler, supra* at 999. This Court finds that the plaintiff knew that other persons could overhear. He, therefore, had no reasonable expectation of privacy. *United States v. Hall,* 488 F.2d 193, 198 (9th Cir.1973); *see also United States v. Martinez-Miramontes,* 494 F.2d 808, 810 (9th Cir.1974).

*Unlawful Interception of Oral Communication*

■ The reasonable expectation of privacy requirement discussed above is equally applicable to the alleged violation by the defendant of 18 U.S.C. § 2510 et seq. The essential elements of the offense are: (1) a willful interception of an oral communication by a device; (2) the communication must have been uttered by a person who exhibited an expectation that it would not be intercepted; and (3) the communication must have been uttered under circumstances that justified the expectation. *United States v. Carroll,* 337 F.Supp. 1260, 1262 (D.D.C.1971).

■ One of the tests used is to ascertain whether the defendant overheard the communication with the naked ear under uncontrived circumstances. *Id.* at 1263–1264; *see also Holman v. Central Arkansas Broadcasting Co.,* 610 F.2d 542, 544–

545 (8th Cir.1979). If the answer is affirmative, as here, there was no justifiable expectation of privacy. The communication is protected only if the speaker had a subjective expectation of privacy that was objectively reasonable. *United States v. McIntyre,* 582 F.2d 1221, 1223 (9th Cir. 1978); *Willamette Subscription Television v. Cawood,* 580 F.Supp. 1164, 1169 (D.Ore.1984); *United States v. Rose,* 669 F.2d 23, 25 (1st Cir.1982). The legislative history of § 2510 notes that an expectation that an oral communication will not be intercepted is unwarranted where the speaker talks too loudly. 1968 U.S.Code Cong. & Ad.News 2112, 2178.

Because the issue of reasonable expectation of privacy is dispositive of both claims for relief, the issue of immunity and the related question of the outer perimeter of the defendant's line of duty need not be addressed.

IT IS, THEREFORE, HEREBY ORDERED that the defendant's motion for summary judgment be GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment in favor of the defendant dismissing the action, each party to bear his own costs.